FILED
U.S DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 28 PM 5:07

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 04-343** |
| **GUILLERMO MOLINA-AGUILAR** | **SECTION: I/5** |

### ORDER AND REASONS

On April 28, 2005, defendant, Guillermo Molina-Aguilar, was found guilty by jury verdict of attempting to possess with the intent to distribute more than five (5) kilograms of cocaine hydrochloride.[1] This matter is now before the Court on defendant's motion for new trial. For the following reasons, defendant's motion is **DENIED**.

### *Procedural Background*

On November 19, 2004, defendant, a Honduran who, according to defendant's counsel, speaks only Spanish and does not read or write English,[2] was indicted by a federal grand jury on two felony counts.[3] In count one, the indictment charged the defendant with

---

[1] *See* Rec. Doc. No. 37.

[2] Rec. Doc. No. 49.

[3] Rec. Doc. No. 1.

conspiracy to both attempt to distribute and attempt to possess with the intent to distribute five (5) or more kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[4]  In count two, the indictment charged defendant with an attempt to possess with the intent to distribute more than five (5) kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1).[5]

The defendant, represented by Arthur Harris, Esq.,[6] proceeded to trial and on April 25, 2005, jury selection occurred.[7]  After the jury was selected, sworn and instructed, the Court recessed; on April 28, 2005, the Court reconvened.[8]  After one day of testimony and evidence presented by the government,[9] the jury returned a guilty verdict.[10]

On September 30, 2005, the Court received the defendant's notice of appeal.  The defendant contemporaneously filed the motion for new trial presently before the Court, arguing (1) that he is

---

[4] *Id.*

[5] *Id.*  During the trial, the Court granted defendant's motion to dismiss count one which the government did not oppose.

[6] On November 15, 2004, the defendant requested court-appointed counsel and a federal public defender was appointed as defendant's counsel.  On January 19, 2005, defendant discharged his court-appointed attorney and retained Arthur Harris, Esq.  Rec. Doc. No. 19.

[7] Rec. Doc. No. 36.  Spanish interpreters were present at all stages of the trial.  *Id.*

[8] Rec. Doc. Nos. 36, 37.

[9] Rec. Doc. No. 37.  The defendant rested without presenting any evidence.  *Id.*

[10] Rec. Doc. No. 37.

actually innocent of the charge for which he was convicted, and (2) that he proceeded to trial without understanding the nature of the proceedings against him and that he involuntarily and unknowingly waived his right to testify in his own defense.[11]

### Defendant's Rule 33 Motion for New Trial

Rule 33(a) of the Federal Rules of Criminal Procedure states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires . . . ." The Rule further provides two separate time frames for filing a motion for new trial: (a) within three (3) years after the verdict or finding of guilty for motions based upon newly discovered evidence, and (b) within seven (7) days after the verdict or finding of guilty for motions based upon any reason other than newly discovered evidence. Fed. R. Crim. P. 33(b).

The Fifth Circuit has generally held that a "court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004). "A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant." *Id.*

As noted, defendant was found guilty by a jury on April 28, 2005. Months later, on September 30, 2005, this Court was first made aware of defendant's claims that he was actually innocent and

---

[11] Rec. Doc. No. 49.

that he did not understand the proceedings against him.[12] With respect to both of defendant's claims, he has not produced any newly discovered evidence or argued in conjunction with his motion that any newly discovered evidence exists. Therefore, defendant's motion falls under the "other grounds" subsection of Rule 33, and, in order to be timely, it should have been filed within seven days of the jury's guilty verdict, i.e., well before September 30, 2005.[13]

### Conclusion

This Court finds that defendant's motion for a new trial is untimely. The defendant's claim of actual innocence is not supported by any newly discovered evidence and, therefore, is subject to Rule 33's seven-day period. Accordingly, and for the above and foregoing reasons,

**IT IS ORDERED** that the motion, filed on behalf of defendant, Guillermo Molina-Aguilar, for new trial is **DENIED**.

Houston, Texas, October 27, 2005.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[12] Defendant's motion would still be untimely if it had been filed in late August, before Hurricane Katrina made landfall and disrupted this Court's normal operations.

[13] Even assuming that the defendant's motion could be characterized as one grounded upon newly discovered evidence, an appeal is pending. See Rec. Doc. No. 48. Pursuant to Rule 33(b)(1), this Court may not grant a motion for a new trial until the appellate court remands the case.